# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DE ANTOINE WARREN, individually and as representative of the class, ) ) ) | |
| Plaintiff, ) | |
| ) | Case No: 16-cv-5589 |
| v. ) | |
| ) | (Jury trial requested) |
| MEIJER, INC., ) ) | |
| Defendant. ) | |

## DECLARATION OF JENNIFER GANZ

I, Jennifer Ganz, pursuant to 28 U.S.C. §1746 declares as follows:

1.  I am employed as a Retail Administrative Assistant by Meijer Stores Limited Partnership, Inc. ("Meijer"). I have been employed with Meijer since 2006 and have been in this current position since August 2013. As an RAA, one of my job responsibilities is to coordinate and preside over a portion of the initial orientation for all new hires, including all management positions, for the Meijer store located in Rolling Meadows, Illinois. The portion I oversee is the review of Meijer policies and procedures.

2.  I am familiar with the new hire employment documents reviewed and signed by new employees with Meijer during the time period from May 9, 2014 through July 1, 2014.

3.  It is Meijer's practice that on an employee's first day of work, he or she attends new hire orientation. At the orientation meeting, the employee is provided with information on Meijer's practices and policies in a materials packet. Each employee is asked to acknowledge receipt of these documents and the employee's understanding that these policies govern the terms of his/her employment.

4. As part of the orientation, I require the new employees to read the documents as each document is identified. I also refer them to certain provisions of the document, ask questions regarding key provisions of the documents and I solicit questions about the documents.

5. After the documents are reviewed, each new employee logs onto the online program listing these documents, using their personal identification number, and electronically agrees to the documents. One screen that an employee sees during the online onboarding process is entitled "Team Member Documents." That screen lists the various "New Hire Agreements" in a column along the left side that included the Dispute Resolution Policy and Dispute Resolution Agreement. By clicking on the title of the document, the document is displayed on the screen for the employee to read. The employee (i.e., team member) clicks on a button that says "Click here to agree" in the column on the right-hand side of the screen directly across from the document name. It then changes that box to indicate the date and time of agreement.

6. On June 20, 2014, his first day of employment, De Antoine Warren attended the new employee orientation which I was conducting at the Meijer store in Rolling Meadows, Illinois.

7. During the June 20, 2014, orientation, I reviewed the documents in the new employee material packet including the Dispute Resolution Agreement and Agreement for Final and Binding Arbitration and Dispute Resolution Policy No. 0090, for leadership team members, including Mr. Warren. I ask if they have read the materials and if they have any questions.

8. After the document review, Warren logged onto the online program listing these documents, using his personal identification number, and as part of the onboarding process, Warren was then presented with a computer screen entitled "Team Member Documents." The computer screen listed various "New Hire Agreements" in a column along the left side of the screen. Among the "New Hire Agreements" listed on the "Team Member Documents" computer

2

screen were Meijer's Dispute Resolution Policy and the Dispute Resolution Agreement. By clicking on the titles of these two document on the computer screen, they would have been displayed on the screen for Warren to read, although hard-copies of the documents were also made available for him to review. In order to agree or complete each of onboarding documents, Warren had to click on a button on the computer screen that read "Click here to agree" in the column on the right-hand side of the screen directly across from the document name. Clicking the "Click here to agree" button then changed it to set forth the date and time of agreement. Warren had to click on the "Click here to agree" button next to each document listed on the "Team Member Documents" computer screen in order to move on to the next document and to complete the onboarding process. If Warren had not agreed to the Meijer Arbitration Agreement, his onboarding process would have stopped and he would not have been employed as a Line Leader in Training.

9.　　Warren agreed to Meijer's Dispute Resolution Policy and the Dispute Resolution Agreement at 06/20/2014 2:11:11PM and 06/20/2014 2:11:13PM, respectively.

10.　　A true and correct copy of the Dispute Resolution Agreement and Agone screen than appears during the online boarding process is entitled "Team Member Documents."

11.　　A true and correct copy of the Dispute Resolution Agreement and Agreement for Final and Binding Arbitration is attached as **Exhibit A-1**.

12.　　A true and correct copy of the Dispute Resolution Policy No. 0990 is attached as **Exhibit A-2**.

13.　　A true and correct copy of the screen shot of the online page showing De Antoine Warren's acceptance of the Dispute Resolution Agreement and Agreement for Final and Binding Arbitration and Dispute Resolution Policy No. 0090 is attached as **Exhibit A-3**.

205026822.1 40928/198729

\* \* \*

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

205026822.1 40928/198729

## CERTIFICATION BY VERIFICATION

I certify under penalty of perjury that the foregoing statements represent my best and most accurate knowledge, information, and belief concerning the matters described herein and are made pursuant to the provisions of 28 U.S.C. § 1746.

Executed at Rolling Meadows, Illinois this 22nd day of September, 2016.

Jennifer Ganz
Retail Administrative Assistant

Paul Starkman (ARDC # 6188548)
Pamela J. Leichtling (ARDC # 6183213)
Cathrine Wenger (Michigan I.D.: P38761)
Clark Hill PLC
150 North Michigan Avenue
Suite 2700
Chicago, IL 60601
Phone: 312-985-5900
Emails: pstarkman@clarkhill.com
        pleichtling@clarkhill.com

5

# EXHIBIT A-1

# DISPUTE RESOLUTION AGREEMENT
# AND AGREEMENT FOR FINAL AND BINDING ARBITRATION

THIS DISPUTE RESOLUTION AGREEMENT AND AGREEMENT FOR FINAL AND BINDING ARBITRATION ("Agreement") is between Meijer Stores Limited Partnership, its partners and affiliated entities and all of their owners, shareholders, predecessors, successors, directors, officers, employees, agents and assigns ("Meijer") and the team member who has signed below ("Team Member"). In order to mutually resolve all employment-related claims and disputes fairly, impartially, efficiently, economically and privately, the parties agree as follows:

The parties agree that Meijer has a Dispute Resolution Procedure ("DRP") and that the Team Member received a copy of the DRP before signing this Agreement. The parties agree the DRP is incorporated in this Agreement by reference as if fully restated.

The parties agree to resolve, in accordance with the provisions of the DRP, all employment-related claims or disputes that arise or are asserted while the Team Member is employed in any non-bargaining unit position.

The parties agree that if they are unable to voluntarily resolve any claim that is defined in the DRP as subject to arbitration, they will submit that claim to final and binding arbitration by a neutral arbitrator in accordance with the Rules for Arbitration in the DRP. The parties acknowledge that by agreeing to mandatory, final and binding arbitration for such claims they are knowingly and voluntarily giving up or waiving certain legal rights, such as the right to have their claims and defenses determined by a judge or jury in a court of law.

The parties agree that this is an agreement pursuant to the Federal Arbitration Act ("FAA"), 9 U. S. C. § 1 et. seq., and that the FAA shall govern the interpretation and enforcement of the arbitration provisions in this Agreement and any arbitration pursuant to this Agreement.

The parties agree that if a court with jurisdiction determines that any of the provisions of this Agreement are unlawful, invalid or unenforceable, those provisions shall be enforced to the greatest extent permissible under the law and all remaining terms and provisions shall continue in full force and effect.

The parties agree that the Team Member's signature and that the company's printed name below indicates their intent to be bound by the terms of this Agreement and that an imaged copy of this Agreement will for all purposes be deemed equivalent to an original.

**THIS AGREEMENT AFFECTS YOUR LEGAL RIGHTS. YOU ARE GIVING UP YOUR RIGHT TO SUE IN COURT AND AGREEING TO FINAL AND BINDING ARBITRATION. PLEASE READ AND CONSIDER CAREFULLY BEFORE SIGNING. DO NOT SIGN UNLESS YOU HAVE RECEIVED A COPY OF THE MEIJER DISPUTE RESOLUTION PROCEDURE.**

**MEIJER STORES LIMITED PARTNERSHIP**
Meijer Group, Inc.
General Partner

# EXHIBIT A-2

# Dispute Resolution

| Policy No: 0090 | Revision: 3 | Effective: 03/31/2014<br>Last Review: 03/31/2014 |
|---|---|---|

## Purpose

Meijer values its team members. Treating people with dignity and respect is a cornerstone of the Meijer culture. While we hope that your employment relationship will be free from problems, we realize that at times conflicts and disputes may arise even in the best work environment. We believe that it is important to resolve those conflicts and disputes as fairly and quickly as possible. That is why we have adopted the Meijer Team Member Dispute Resolution Policy ("DRP").

The DRP is intended to provide a way to resolve disputes and claims fairly, impartially, efficiently, economically and privately. It is also intended to be an exclusive, mandatory, final and binding method of resolving such disputes. It is not intended to modify the at will or just cause employment status of any team member as set forth in Policy 038, entitled Job Security.

The DRP has a variety of methods to air and resolve almost every kind of workplace problem – from minor, everyday misunderstandings to claimed violations of legally protected rights. The DRP includes dispute resolution methods that range from informal, internal ways to resolve disputes to more formal external methods. The DRP includes several voluntary methods as well as mandatory, final and binding arbitration. It also includes a set of rules for arbitration.

## Scope

The DRP generally applies to all full-time and regular part-time team members* in the company, including officers of the company and team members with the designation of vice president in their titles. As noted below, however, some of the voluntary methods to resolve disputes are only available to certain classifications of team members. In addition, the DRP does not apply to team members who are covered by any collective bargaining agreement, except to the extent permitted in the applicable collective bargaining agreement or lawfully imposed by the company when no collective bargaining agreement is in effect.

(* The phrase "team member" is used in this document to refer to all Meijer employees, including team leaders and all other supervisors and managers.)

The DRP does not limit or restrict in any way your legal right to file claims or charges with federal administrative agencies, such as the National Labor Relations Board ("NLRB") or the Equal Employment Opportunity Commission ("EEOC"), or other similar state or local administrative agencies.

## General

The effective date of the DRP is March 22, 2004. The DRP replaces all other dispute resolution policies or procedures that were in existence prior to the effective date.

By accepting employment with the company, by accepting a promotion or transfer into a non-bargaining unit position and/or by continuing your employment after the effective date of the DRP, you and the

company mutually agree to be bound by the terms of the DRP and to resolve all claims defined in the DRP as subject to arbitration through mandatory, final and binding arbitration, instead of through litigation in court. That means arbitration is your sole and exclusive means for resolving such disputes.

Because circumstances change, the company may amend the DRP, including the Arbitration Rules, from time to time by giving thirty calendar days' notice to team members. Of course, any amendments will not apply to any claims that arose prior to the date of the amendment. By continuing your employment after receiving notice of any amendments, you and the company mutually agree to be bound by those amendments. The company may also terminate the DRP at any time by giving thirty calendar days' notice to team members. Again, the termination of the DRP shall not apply to any claims that arose prior to the date of termination.

### NO RETALIATION POLICY

The only way the DRP can be truly effective is if team members can use it with confidence. Therefore, no team member will be subject to any form of discipline or retaliation for initiating or participating in good faith in any process or proceeding under the DRP. Any team member who retaliates against another team member for using the DRP will be subject to discipline, up to and including discharge.

## Responsibilities and Procedures
### THE VOLUNTARY METHODS TO RESOLVE CLAIMS AND DISPUTES

A variety of different voluntary methods to resolve disputes are listed below. We encourage you to use these methods as soon as you have a problem or dispute. Remember, the sooner you bring a problem to leadership's attention, the easier it usually is to resolve. We encourage you to use the Open Door Policy before using any of the other methods to resolve disputes in the DRP because it is usually fast and often resolves the problem. If you are unable to resolve your problem through the Open Door Policy, we suggest that you next discuss it with a Human Resources Representative. If that representative cannot help resolve your problem, he or she may discuss other appropriate voluntary methods with you, such as peer review, termination review or non-binding mediation.

If at any time you have questions about any of these voluntary methods to resolve disputes please call the Human Resources Representative for your unit. This information is available on the InfoNet or your unit director or the unit administrative assistant will be able to tell you who that is.

### THE OPEN DOOR POLICY

*Who can use it?* All team members can use the Open Door Policy.

*Which disputes are covered?* The Open Door Policy can be used to try to resolve any workplace problem or claim.

*How does it work?* The company's longstanding Open Door Policy guarantees that all doors are open to you within the company to discuss and to try to resolve any workplace problems without fear of retaliation or reprisal. We encourage you to first discuss any problems with your first assistant. Because this person is close to your situation, he or she may already be aware of the problem, or may be in a position to offer a new

perspective or new facts that may be helpful to resolve the problem. If your first assistant is part of the problem, or if for any reason you are uncomfortable reviewing the problem with him or her, you may take the problem to the next higher level of leadership, or any level of leadership as needed to solve the problem.

*Is there a time limit?* No, there is no time limit to use the Open Door Policy. However, we encourage you to bring any problems to leadership's attention as soon as possible. This is important to enable leadership to conduct any necessary review and to try to resolve the problem quickly and fairly. Often, the longer you wait the more difficult it becomes to resolve the problem.

*Is there a cost?* No, there is no cost to you to use the Open Door Policy.

### REVIEW BY A HUMAN RESOURCES REPRESENTATIVE

*Who can use it?* All team members covered by the DRP can request a review by a Human Resources Representative.

*Which disputes are covered?* Review by a Human Resources Representative can be used to try to resolve any workplace problem or claim.

*How does it work?* A Human Resources Representative will talk to you about the problem, either by telephone or in person, and will try to help you find a solution. Depending on the situation, the representative may investigate the facts and recommend a solution to you and the company or may recommend that you use or re-try the Open Door Policy or one of the other voluntary options, such as peer review or mediation, if applicable.

*How do I request it?* If you work in a retail unit, you should contact your Regional Human Resources Representative. If you work in distribution, manufacturing or a corporate office, you should contact your Corporate Team Relations Representative. The telephone numbers for these representatives are available online on the InfoNet or in the printed directory or may be obtained from your unit director.

*Is there a time limit?* No, there is no time limit on requesting a review by a Human Resources Representative. However, we encourage you to bring any problems forward as soon as possible. This is important to enable the representative to conduct any necessary review and to try to resolve the problem quickly and fairly. Often, the longer you wait the more difficult it becomes to resolve the problem.

*Is there a cost?* No, there is no cost to you to request a review by a Human Resources Representative.

### PEER REVIEW

*Who can use it?* You can request a Peer Review if: (1) you have completed your probationary/mutual evaluation period; and (2) you are an hourly team member (except those listed in this rule) at any of the following:

- Store 33 in Traverse City, MI
- Store 211 in Rossford, OH
- Any store in Indiana (except 167 and 220)
- Any store/unit in Illinois
- Any store in Wisconsin
- Pharmacy Central Fill in IN
- Middlebury Central Kitchen and Distribution Unit in IN
- Middlebury Distribution Unit
- Purple Cow Creamery in MI
- Pleasant Prairie Distribution Complex in WI

The Peer Review Process is not available to a team member in any of the following job classifications:

- Retail: regional detective, store detective, store detective intern, retail administrative assistant, pharmacist, pharmacy technician, and facilities positions
- Pharmacy: pharmacist and pharmacy technician
- Retail regional office hourly positions
- Supply Chain: administrative assistants, operations coordinators, auditors, mechanics, and loss prevention officers

*Which disputes are covered?* Peer Review can be used to try to resolve any claim or dispute involving discipline, discrimination or discharge.

*How does it work?* Peer Review is a review of your claim or dispute by a panel of team members consisting of three hourly team members, two team leaders and a Human Resources Representative. The Human Resources Representative serves only as a non-voting moderator of the panel. The other five members each have one vote. (After you request a Peer Review, the company will contact you to select a peer review panel and to arrange a mutually agreeable time for the peer review to take place.) You will be able to pick all five voting members of the peer review panel from a list of qualified volunteers at your unit.

When you meet with the peer review panel, you will have an opportunity to explain your position to the panel and to present other relevant information and evidence, such as witnesses and documents. Your unit director (or designee) will explain the company's position and present any information or evidence for the company. Neither you nor the company will be allowed to have an attorney or other third-party representative at the peer review. You may, however, ask another team member or team leader to be present to assist you at the peer review.

After the peer review hearing is completed, the panel will go into closed session to discuss the case and to make a recommendation. The panel will decide on its recommendation by a majority vote conducted by secret ballot. In making its recommendation, the panel may not change company policy or procedures. The panel will record its recommendation on a Peer Review Form and give you and the company a copy. The panel will not reveal the vote totals to you - only the majority recommendation.

In cases involving discipline, the recommendation of the peer review panel is final and binding on both you and the company and there is no further appeal. In cases involving discrimination or discharge the panel's recommendation is advisory only. However, if

both you and the company agree in writing to accept the recommendation of the peer review panel, the panel's recommendation becomes final and binding on both parties.

All information presented or discussed at the peer review hearing is strictly confidential and may not be discussed outside the hearing, except with your legal counsel or other representative and with appropriate administrative agencies. Anyone who violates this confidentiality rule will be subject to disciplinary action, up to and including termination. The peer review panel's recommendation to the parties is not admissible in any subsequent arbitration hearing.

*How do I request it?* You should submit a Peer Review Request Form to your unit director. These forms are available from your unit director or unit administrative assistant.

*Is there a time limit?* You are guaranteed a peer review hearing if you request a Peer Review no later than 30 calendar days after your complaint arose. In cases of discipline or discharge, this means no later than 30 calendar days after you received notice of the discipline or discharge. If you request a Peer Review more than 30 calendar days after your complaint arose, the company may agree to provide a peer review hearing, but will not guarantee it.

*Is there a cost?* No, there is no cost to you to use Peer Review.

## TERMINATION REVIEW

*Who can use it?* Any Office, Management or Professional (OMP) team member who has completed the applicable probationary period can request a Termination Review, except officers of the company and team members with the designation of vice president in their titles. You also may request a termination review if you are in any of the following positions:

- Retail: regional detective, store detective, store detective intern, retail administrative assistant, pharmacist, pharmacy technician, and facilities positions
- Pharmacy: pharmacist and pharmacy technician
- Retail regional office hourly positions
- Supply Chain: administrative assistants, operations coordinators, auditors, mechanics, and loss prevention officers

*Which disputes are covered?* The Termination Review option is only for complaints involving termination of employment.

*How does it work?* You can ask the company to designate a Human Resources Representative who was not involved in the decision to terminate your employment to review the company's decision. The representative will investigate and review the circumstance surrounding the termination. After conducting this review, they will present their findings to the Termination Review Board. The Board has the authority to uphold, reverse or otherwise modify the termination decision. After the decision by the Board, the representative will share with you the results of his or her investigation and the decision. This could include a decision to reinstate you with or without back pay, to reduce the discharge to discipline, to uphold the original decision or to offer a settlement.

*How do I request it?* You should mail a written request for a Termination Review to the following address: Administrator of Dispute Resolution Services, Meijer Human Resources Department, 2929 Walker NW, Grand Rapids, MI 49544. The written request should include your name, address, telephone number, social security or employee id number, unit where you worked and a short statement of your claim or claims.

*Is there a time limit?* You are guaranteed a Termination Review if you request a Termination Review no later than 30 calendar days after you received notice of your termination. If you submit your appeal more than 30 calendar days after your termination, the company may agree to conduct a review, but will not guarantee it.

*Is there a cost?* No, there is no cost to you to use the Termination Review option.

## NON-BINDING MEDIATION

*Who can use it?* All team members covered by the DRP can request non-binding mediation. However, it can only be used if both you and the company agree in writing to do so.

*Which disputes are covered?* Mediation can be used for any dispute; however, it is generally used only for disputes based on legally protected rights, such as discrimination and discharge claims.

*How does it work?* Mediation is a meeting at which you and company representatives discuss the dispute with a neutral person from outside the company, called a mediator. Mediation is often highly successful at resolving disputes. It provides the opportunity for both sides to tell their story to a neutral third party and to each other; it helps reduce feelings of hostility; it helps to separate emotional issues from factual issues; it promotes discussion of creative solutions; it helps people work things out for themselves; and, it offers an opportunity for solutions that are good for both the team member and the company.

Mediation is non-binding. This means that the mediator will help the parties to reach a settlement and can make recommendations to the parties, but cannot force a settlement. However, if the parties reach an agreement, the terms of the agreement will be put in writing to be signed by the parties. The signed agreement is final and binding on the parties.

*How do I request it?* If you work in a retail unit, you should contact your Regional Human Resources Representative to request mediation. If you work in distribution, manufacturing or a corporate office, you should contact your Corporate Team Relations Representative. The telephone numbers for these representatives are available online on the InfoNet or in the printed directory or may be obtained from your unit director.

*Is there a time limit?* No, there is no time limit on when you or the company can request mediation.

*Is there a cost?* No, there is no cost to you to use non-binding mediation. The company will pay the full cost of mediation, unless the parties agree otherwise.

## MANDATORY ARBITRATION

### FINAL AND BINDING ARBITRATION BY A NEUTRAL ARBITRATOR

*Who must use it?* Mandatory arbitration applies to all team members, including officers of the company and team members with the designation of vice president in their titles. It does not apply to team members covered by a collective bargaining agreement, unless the collective bargaining agreement provides for arbitration under the DRP.

*Which disputes are covered?* Generally, you must submit claims involving legally protected rights arising out of or related to your employment and/or separation from employment to final and binding arbitration. Arbitration Rule 1 defines those claims that are subject to mandatory arbitration and Arbitration Rule 2 defines those claims that are not subject to mandatory arbitration.

*How does it work?* Arbitration is a private dispute resolution process in which a dispute is presented to a neutral third party, called an arbitrator, for a decision that is final and binding on both parties. The arbitrator makes this final and binding decision after both sides present their witnesses, evidence and arguments at an arbitration hearing. Although arbitration is less formal than a court trial, it is an orderly proceeding governed by rules of procedure and legal standards of conduct. The Arbitration Rules set forth below will govern any arbitration pursuant to the DRP.

Litigation of disputes in court often takes years and is often very time consuming, costly and frustrating for both parties. Arbitration is a fair, cost-effective and expeditious means of resolving such disputes. With arbitration, disputes are usually resolved in months, rather than years.

*Is there a cost?* Although the company generally pays for all of the costs of arbitration, you may have some costs. For example, you will have to pay a modest filing fee. In addition you will have to pay the fees for any representative or expert, unless the arbitrator orders otherwise in accordance with applicable law. All of the costs and fees associated with arbitration are set forth in Rule 26 of the Arbitration Rules below.

## ARBITRATION RULES

### Rule 1. Claims Subject To Arbitration

Except as otherwise limited in these Arbitration Rules, all claims that arise out of or relate to the team member's employment and/or separation from employment with Meijer and that concern legally protected rights for which a court would be authorized by law to grant relief are subject to arbitration.

Claims subject to arbitration include claims for violation of any federal, state or local constitution, statute, ordinance, regulation or rule pertaining to employment and claims of violation of the common law.

Examples of specific claims subject to arbitration include, but are not limited to, the following:

1. claims for unpaid wages or other compensation, including nonqualified deferred compensation plans and incentive plans.

2. claims of wrongful or unjust discharge, including claims of constructive discharge;

3. claims for breach of express or implied contract;

4. claims for violation of public policy;

5. employment-related tort claims, such as claims for intentional/negligent infliction of emotional distress, defamation, malicious prosecution, and wrongful arrest/wrongful imprisonment;

6. claims of unlawful retaliation; and,

7. claims of employment discrimination, harassment or failure to accommodate, including, but not limited to, claims based on race, sex, age, national origin, religion, physical or mental disability and marital status.

Further examples of specific statutory claims subject to arbitration include, but are not limited to, claims arising under the following statutes: the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 1981, the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Employee Polygraph Protection Act ("EPPA") and the Family Medical Leave Act ("FMLA").

## Rule 2. Claims Not Subject To Arbitration

The following claims and disputes are not subject to arbitration:

1. claims for workers' compensation and unemployment compensation, except claims of unlawful retaliation or discrimination for filing such claims are subject to arbitration;

2. claims based on a qualified retirement plan, including pension and 401(k) plans;

3. claims based on employee welfare benefit plans subject to ERISA, including health benefit plans, disability plans and life insurance plans;

4. claims by Meijer for injunctive relief and/or other equitable relief for unfair competition and/or the unauthorized disclosure of trade secrets or confidential information or for unfair labor practices, such as picketing and strikes;

5. claims challenging the content, establishment or amendment of Meijer policies, procedures or practices;

6. claims challenging the manner in which Meijer decides to organize its businesses, wage rates or salary structure, job content or description;

7. claims challenging the company's decision as to the necessity for or the magnitude of a reorganization or reduction of the workforce; and,

8. all other claims that do not concern legally protected rights for which a court would be authorized by law to grant relief.

## Rule 3. Procedure to Initiate Arbitration

A party shall initiate arbitration by serving a written notice of the intent to arbitrate on the other party within the time limits set forth below.

The written notice should include the party's name, address, telephone number, social security or employee id number, unit where the employee works or worked and a short statement of the claim or claims.

If the team member elects arbitration, he or she must deliver or mail the written notice addressed as follows: Administrator of Dispute Resolution Services, Meijer Human Resources Department, 2929 Walker NW, Grand Rapids, MI 49544.

If the company elects arbitration it must give written notice to the team member at the team member's last known address.

## Rule 4. Time Limit to Initiate Arbitration

Written notice of the intent to arbitrate must be delivered to the other party or must be postmarked no later than six months from the date on which the claim arose, or in the case of a claimed violation of a statute, within the applicable statutory limitations period, whichever is longer. The failure to give written notice of intent to arbitrate within the applicable time period shall, to the greatest extent permitted by law, constitute a waiver and release with respect to the dispute and shall forever bar any claim involving that dispute.

## Rule 5. Number of Arbitrators

The dispute shall be heard and decided by one arbitrator.

## Rule 6. Selection of the Arbitrator

Upon initiation of arbitration by either party, the company may, at its option, promptly deliver or mail a list of proposed neutral arbitrators to the team member. The arbitrators on the list will meet all of the qualifications set forth in these rules.

If the team member finds the list acceptable, the team member must promptly notify the company in writing of that fact. The parties will then confer in person or by telephone at a mutually agreeable time and choose an arbitrator from the list by alternately striking names, the team member striking first, until only one name remains. If the arbitrator chosen in this manner cannot serve for any reason, the last arbitrator stricken on the list shall be designated to hear the case.

If, for any reason, the team member does not want to choose the arbitrator from the list sent by the company, the team member shall promptly notify the company in writing of that fact. The parties shall then make a joint request to the American Arbitration Association (AAA) to provide them with a panel of at least seven arbitrators from its Employment Dispute Resolution Roster for the region where the dispute arose. Upon receipt of that list, the parties will confer at a mutually agreeable time in person or by telephone and choose an arbitrator from the list by alternately striking names, the team member striking first, until only one name remains. If the arbitrator chosen in this manner cannot serve for any reason, the last arbitrator stricken on the list shall be designated to hear the case.

If the parties choose the arbitrator through AAA, it shall be authorized to administer the arbitration. These Arbitration Rules, however, shall govern the arbitration and all proceedings related to it.

Each party shall be responsible for the timely payment of any filing and/or other administrative fees assessed by AAA against the party.

**Rule 7. Qualifications of the Arbitrator**

The arbitrator shall be experienced in the field of employment law, shall be an attorney, shall not be employed by or affiliated with Meijer or any related or affiliated company or entity, shall have no personal or financial interest in the results of the proceedings and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias. Prior to accepting appointment, the prospective arbitrator shall disclose all information that might be relevant to the standards of neutrality set forth in this section or that may prevent a prompt hearing.

**Rule 8. Representation**

Any party shall have the right to be represented by an attorney or other authorized representative.

**Rule 9. Communication with the Arbitrator**

There shall be no ex parte (one-sided) communication with the arbitrator on any matter of substance or procedure, except for matters pertaining to the scheduling of a hearing date, unless the parties and the arbitrator agree to the contrary in advance of the communication.

**Rule 10. Conference with the Arbitrator**

The arbitrator may hold a conference at any time during the proceedings at the request of either party or on the initiative of the arbitrator for the discussion and determination of any matter of substance or procedure that will expedite the proceedings.

**Rule 11. Date, Time and Location of Arbitration**

The arbitrator shall have the authority to set the date and time of the arbitration in consultation with the parties. The arbitration hearing will be held as close as practical to the unit where the team member last worked, unless the parties agree otherwise. The arbitrator shall have the authority to resolve all disputes regarding the date, time and location of the arbitration.

**Rule 12. Postponements**

The arbitrator may postpone any hearing upon the request of a party for good cause and must postpone any hearing upon the mutual agreement of the parties.

**Rule 13. Pre-hearing Discovery**

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. In ruling on discovery disputes the arbitrator shall be guided by the Federal Rules of Civil Procedure.

**Rule 14. Witnesses and Attendance at Hearings**

Witnesses shall testify under oath. Witnesses for each party shall submit to direct and cross examination as approved by the arbitrator. The arbitrator shall have the authority to sequester witnesses, other than a party, during the testimony of any other witness. The arbitrator also

shall have the authority to decide whether any person who is not a witness may, for good cause, attend the hearing.

## Rule 15. Evidence/Subpoenas

The parties may offer such evidence as is relevant and material to the dispute and shall produce all non-privileged evidence as the arbitrator deems necessary to an understanding and determination of the dispute. The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled after consideration of any objection made to its admission. The parties may agree or the arbitrator may direct that documents or other evidence may be submitted to the arbitrator after the hearing. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

The arbitrator shall be the judge of the relevancy, materiality and admissibility of the evidence offered. Conformity to legal rules of evidence shall not be necessary, but the arbitrator shall be guided by the Federal Rules of Evidence. However, applicable federal law with respect to privilege, including the attorney-client privilege, work product and compromise and offers to compromise shall be followed.

The arbitrator may subpoena witnesses or documents upon the request of any party.

## Rule 16. Order of Proceedings / Burden of Proof

The arbitrator shall have the authority to determine the order and manner of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

## Rule 17. Record of Proceedings

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other party of those arrangements at least three days in advance of the hearing. The requesting party shall pay the cost of the record. If the other party wants a copy of the record, that party shall pay the cost of the copy. If the transcript is agreed by the parties or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other party for inspection at a date, time and place determined by the arbitrator.

## Rule 18. Confidentiality

All aspects of any arbitration pursuant to these rules, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public unless the parties agree otherwise in writing or the law provides to the contrary. The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality.

**Rule 19.** **Arbitration in Absence of a Party or Representative**

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of an award.

**Rule 20.** **Motions To Dismiss and/or For Summary Disposition**

The arbitrator shall have the authority to consider and to decide motions to dismiss and/or motions for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

**Rule 21.** **Post-Hearing Briefs**

Each party shall have the opportunity to submit one post-hearing brief, which is a written statement of facts and law in support of its position, unless the parties agree otherwise. The arbitrator shall have the authority to set the time period for submission of post-hearing briefs in consultation with the parties.

**Rule 22.** **Closing and Reopening of Hearing**

When the arbitrator is satisfied the record is complete, including the submission of post-hearing briefs and any post-hearing documents or other evidence allowed by the arbitrator, the arbitrator shall declare the hearing is closed.

The arbitrator may reopen the hearing upon the arbitrator's initiative or upon application of a party for cause shown at any time before the award is made.

**Rule 23.** **Arbitrator's Authority / Applicable Law**

The arbitrator shall have the authority to consider and decide disputes subject to arbitration as defined in these rules. The arbitrator shall also have the authority to interpret and apply these rules, determine the scope of these rules and to decide issues of arbitrability.

The arbitrator shall not have the authority to consolidate the claims of other team members into one proceeding and shall not have the authority to fashion a proceeding as a class action or to award relief to a group of team members in one proceeding.

The arbitrator shall be bound by and shall apply the state or federal substantive law that would be applied by the United States District Court for the District where the dispute arose.

The arbitrator shall also be bound by any applicable company handbooks, rules, policies and procedures.

The arbitrator shall have no authority, however, to add to, detract from, change, amend or modify any law, handbook, rule, policy or procedure in any respect. Nor shall the arbitrator have authority to consider or decide any matters that are the sole responsibility of the company in the management and conduct of its business.

**Rule 24. Relief**

The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court. The arbitrator shall have the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law.

If the arbitrator orders reinstatement, the company shall have the option, within fourteen (14) calendar days of receipt of the award, to request that the arbitrator make a monetary award in lieu of reinstatement. If the company makes such a request, the arbitrator shall make a monetary award that the company, at its discretion, may pay in lieu of reinstatement. The arbitration hearing shall be reopened for additional proofs on this issue if either party so requests.

**Rule 25. Arbitrator's Award**

The arbitrator shall within thirty (30) calendar days of the closing of the hearing submit to the parties a written award signed by the arbitrator. The award shall specify the relief awarded, if any, and the elements and basis for any monetary award. The award shall be accompanied by a written reasoned opinion signed by the arbitrator.

The arbitrator's award shall be final and binding on both the company and the team member and any court of competent jurisdiction may enter a judgment on the award. Judicial review shall be limited, as provided by law.

The parties shall accept as legal delivery of the award the placing of the award or a true copy in the mail, addressed to a party or its representative at the last known address, personal service of the award, email service or the filing of the award in any manner that may be required by law.

**Rule 26. Fees and Expenses**

If the team member elects to select the arbitrator from the panel proposed by the company, the team member shall pay a non-refundable filing fee of $50.00 by check or money order made payable to Meijer.

If the team member elects to select the arbitrator through the American Arbitration Association, the team member shall be responsible for paying the employee portion of any filing fee and/or other administrative fees charged by AAA. Such fees can be found on AAA's website: www.adr.org.

All costs of arbitration, including the arbitrator's fees and expenses and the cost of the hearing room shall be borne fully by the company, except as otherwise limited in these rules.

Each party shall bear their own discovery costs and expenses, except as may be awarded by the arbitrator in accordance with applicable law.

The expenses of witnesses shall be borne by the party producing such witnesses, except as may be awarded by the arbitrator in accordance with applicable law.

The fees and expenses of experts, consultants, interpreters and any others retained or consulted by a party shall be borne by the party producing such witnesses or utilizing such services, except as may be awarded by the arbitrator in accordance with applicable law.

The fees and expenses charged to a party by any attorney or other representative shall be borne by the party who retains the representative, except as may be awarded by the arbitrator in accordance with applicable law.

Any fees and expenses incurred as a result of any postponement shall be borne by the party requesting or causing the postponement of the hearing.

## Rule 27. Extensions of Time

The parties may modify any period of time by mutual written agreement. The arbitrator may for good cause extend any period of time established by these rules, except the time for filing a notice of intent to arbitrate and for making the award.

## Rule 28. Enforceability

These rules and any award rendered pursuant to them shall be enforceable under and subject to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq.

## Rule 29. Severability

If any of these rules or parts thereof are determined by any court with jurisdiction to be unlawful, invalid or unenforceable, those provisions shall be enforced to the greatest extent permissible under the law and all remaining rules and provisions shall continue in full force and effect.

# EXHIBIT A-3



File   Edit   View   Favorites   Tools   Help

🏠 ▼ 🔊 ▼ 🖃 🖨 ▼ Page ▼ Safety ▼ Tools ▼ ❓ ▼ 🔏 ⚙ 🔍 ◆

**meijer**

## Team Member Documents

Instructions

**Name**

Warren,De Antoine L

**Employee ID:**   2088361

**New Hire Agreements:**                                    **Agreed/Completed:**

| | |
|---|---|
| PL178 - Company Policies and Procedures | 06/20/2014  2:10:58PM |
| Family and Medical Leave Act | 06/20/2014  2:11:00PM |
| Work Rules and Guidelines | 06/20/2014  2:11:10PM |
| PL351 - Dispute Resolution Policy No. 090 | 06/20/2014  2:11:11PM |
| PL352 - Dispute Resolution Agreement | 06/20/2014  2:11:13PM |
| I-9 - Employment Eligibility Verification | 06/20/2014  2:11:51PM |
| Add Emergency Contact | |
| Payroll Disbursement | 06/20/2014  2:14:15PM |
| Benefits | 06/20/2014  2:14:19PM |
| TALX WOTC Application | 06/20/2014  2:14:36PM |
| United Way Contribution | |
| Meijer Ethnicity | 06/20/2014  2:21:54PM |
| Survey | |
| Team Member Invention Agreement | 06/20/2014  2:22:53PM |
| Illinois Fingerprint Authorization | 06/20/2014  2:22:44PM |
| Electronic W2 Consent | Click for information |
| Work Rules Summary | Click here to agree |
| Meijer Credit Union Mailing Consent | 06/20/2014  2:24:10PM |
| Code of Ethics and Business Conduct | 06/20/2014  2:24:17PM |
| Illinois Unemployment Notice | |
| Personal Appearance Consent | Click here to agree |

Please Review: