**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DE ANTOINE WARREN, individually and as representative of the class, ) ) ) | |
| Plaintiff, ) ) | Case No: 16-cv-5589 |
| v. ) ) ) | Judge Elaine E. Bucklo |
| MEIJER, INC., ) ) | |
| Defendant. ) | |

**MOTION TO STAY PROCEEDINGS PENDING THE SUPREME COURT DECISION IN *LEWIS V. EPIC SYSTEMS CORP*.**

Defendant, Meijer, Inc., by and through its attorneys, moves this Court to stay the proceedings pending the U.S. Supreme Court's decision in the matter styled as *Epic Systems, Corp. v. Lewis*. In support thereof, Defendant states as follows:

**INTRODUCTION**

1. On August 10, 2016, Plaintiff filed an Amended Complaint on behalf of the Plaintiff and a putative class alleging a single violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681b(b)(2). **(Docket No. 1.)**

2. Defendant filed a Motion to Compel Arbitration and Stay Proceedings, and, in the alternative, a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which is scheduled for ruling on January 20, 2017. **(Docket No. 23.)**[1]

3. Defendant's Motion to Compel Arbitration seeks to enforce an arbitration agreement for individual arbitration of plaintiff's claim and bar any class action pursuant to the

---

[1] On December 16, 2016, this Court stayed briefing on Defendant's Motion to Dismiss pending ruling on the Motion to Compel Arbitration. **(Docket No. 37.)**

1

class action waiver in the arbitration agreement. **(Docket No. 26.)** Plaintiff opposed defendant's motion on the basis that the arbitration agreement is not enforceable because the class action waiver violates section 7 of the National Labor Relations Act ("NLRA"). 29 U.S.C. §157. Plaintiff relies upon the Seventh Circuit's recent ruling in *Lewis v. Epic Systems Corporation*, 823 F.3d 1147 (7th Cir. 2016), that a class action waiver provision in an arbitration agreement violates an employee's right to concerted activity pursuant to section 7 of the NLRA and is not enforceable. *Id*. at 1161. However, Defendant maintains and preserves its argument that plaintiff, was uncontrovertibly a supervisor, not covered by the NLRA and did not have the rights under section 7 of the NLRA to engage in concerted activities.

4. On January 13, 2017, the United States Supreme Court granted Epic Systems Corp.'s writ of certiorari from the U.S. Court of Appeals for the Seventh Circuit, Docket No. 15-2997. *Epic Sys. Corp. v. Lewis*, No. 16-285, 2017 U.S. LEXIS 691 (Jan. 13, 2017). The question presented on appeal is whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.[2]

5. The Supreme Court's decision in *Lewis* will affect this case because it will directly impact the issue of whether defendant can enforce individual arbitration but prohibit class action arbitration notwithstanding section 7 of the NLRA. Thus, the decision could be dispositive of the instant case.

---

[2] Two other cases raised the same question on appeal and on January 13, 2017, the Supreme Court also granted the writs of certiorari and consolidated these two cases with the *Lewis* case: *Ernst & Young LLP v. Morris*, No. 16-300, 2017 U.S. LEXIS 689 (Jan. 13, 2017); *NLRB v. Murphy Oil USA, Inc.*, No. 16-307, 2017 U.S. LEXIS 680 (Jan. 13, 2017).

205384278.1 40928/198729

## ARGUMENT

6.  Courts stay litigation after the Supreme Court grants certiorari on dispositive legal issues on a routine basis. *Cook v. Frank,* 1989 WL 64370, at *3 (N.D. Ill.). A district court has inherent power "to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n*, 410 F.3d 964, 980 (7th Cir. 2005). In determining whether to grant a stay, courts must "balance the competing interests of the parties and the interest of the judicial system." *In Re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (internal citation omitted). More specifically,

> [c]ourts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party.

*Id.* (collecting cases).

A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, No. 00-cv-1164, 2003 WL 259142, at *4 (N.D. Ill. Feb. 4, 2003).

### A Stay Would Simplify the Issues

7.  A stay would simplify the issues in question as to the appropriate forum to resolve plaintiff's claim. If the Supreme Court rules that class action waivers are valid then, the parties should proceed to arbitration of plaintiff's individual claim and the instant proceedings would be stayed pending arbitration. Thus, this ruling would enforce the parties agreement to arbitrate all employment or statutory related disputes.

8. A ruling that class action waivers are not valid would require this Court to determine whether the severability clause allows for individual arbitration to proceed but any class action must proceed in a judicial forum. If this Court determines the severability provision does not save the arbitration agreement and it is not enforceable in its entirety then, plaintiff's claim will be resolved by the court. The validity of a class action waiver will determine the appropriate forum for resolving plaintiff's claim.

### A Stay is Warranted to Conserve Judicial Resources

9. A stay would promote judicial economy and conserve resources. If this Court denies Defendant's Motion to Compel Arbitration then, procedurally the parties must brief the issues raised in Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and (b)(6) and the Court will expend time reviewing the briefs and ruling on this dispositive motion. Moving forward, if Defendant's Motion to Dismiss is denied, the Court may need to address discovery issues, dispositive motions and certainly class certification issues. Especially in light of a putative class action, substantial judicial resources will be consumed while the real possibility lingers that this case would be referred to arbitration pending a favorable ruling upholding class action waivers as not violating an employee's collective rights.

10. If the Supreme Court determines class action waivers are enforceable then, defendant's motion to compel arbitration should be granted, this matter is stayed, and the case referred to arbitration for final resolution. In the interim, staying the proceedings ensures no judicial resources have been wasted on deciding pre-trial issues, motions and most important, class certification issues.

4

### The Parties Will Not Be Prejudiced By Staying the Proceedings

11. The parties will not be prejudiced by granting a stay. Plaintiff's interests are protected, rather than prejudiced, by a stay. Whether the Supreme Court upholds class action waiver provision or not, the parties are not prejudiced by a stay pending the decision because the parties are not expending time and resources either: 1) proceeding to arbitration; or 2) briefing the Rule 12(b) motions, and if necessary, expending time on discovery, dispositive motions and class certification issues while running the risk of rulings being overturned and resources wasted.

12. In contrast, if the stay is denied, the parties could be prejudiced because if they proceed to arbitration, conduct discovery and obtain a final resolution which could be directly impacted by the Supreme Court's decision, all of the resources expended will have been for naught. Plaintiff's litigation costs will increase if forced to proceed in a judicial forum, and not through the less formal and less costly arbitration process. Specifically, Defendant will suffer significant harm absent a stay if its motions to compel arbitration and to dismiss are denied and forced to proceed with defending the litigation because it will have been required to expend substantial resources defending a putative class action with the realistic possibility that those efforts were in vain.

13. On January 19, 2017, Counsel conferred with Plaintiff's counsel, Andrew Ficzko, and he takes no position to this Motion.

205384278.1 40928/198729

**WHEREFORE**, Defendant, Meijer, Inc., prays that this Court grant its Motion to Stay proceedings pending the United States Supreme Court's decision in *Epic Systems Corporation v. Lewis*, No. 16-285, 2017 U.S. LEXIS 691.

Respectfully submitted,

**MEIJER, INC.**

By: /s/ Paul E. Starkman
      Counsel for Meijer, Inc.

| | |
|---|---|
| Paul E. Starkman (ARDC #6188548) | Cathrine F. Wenger (Michigan I.D.: P38761) |
| Pamela J. Leichtling (ARDC #6183213) | Meijer Great Lakes Limited Partnership |
| Clark Hill PLC | 2929 Walker |
| 130 E. Randolph Street | Grand Rapids, MI 49544 |
| Suite 3900 | Phone: 616-249-6461 |
| Chicago, IL 60601 | Email: cathrine.wenger@meijer.com |
| Phone: 312-985-5900 | |
| Emails: pstarkman@clarkhill.com | |
|        pleichtling@clarkhill.com | |

205384278.1 40928/198729